## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                                 **19-CR-1631 KWR**

**JOHNATHAN CRAFT, a.k.a.**
**"Jonathan Craft," a.k.a., "YN,"**
**a.k.a. "Wayan,"**

        **Defendant.**

## APPEAL OF DETENTION ORDER AND REQUEST FOR AN ORDER SETTING CONDITIONS OF RELEASE

Defendants Johnathan Craft, by and through his undersigned counsel, hereby submits his Appeal of Detention Order and respectfully requests that the Court fashion conditions of release that are suitable to assure Mr. Craft's appearance in Court and the safety of the community.   In support, Mr. Craft states:

### I.      PROCEDURAL BACKGROUND.

1.      On June 12, 2019, a federal grand jury indicted the Defendant Craft, along with multiple other persons, on four counts of sex trafficking, a violation of the travel act, maintaining a drug involved premises, conspiracy to commit money laundering, and other related crimes. The United States alleges that the Defendants participated in the ongoing use of the Best Choice Inn to facilitate and profit from sex trafficking and narcotic sales, while conspiring to launder the monetary proceeds therefrom.

2.      On June 20, 2019, Defendant Craft was arraigned and had his detention hearing before the Honorable Jerry Ritter, United States Magistrate Judge.   *See* Doc. 26.   Mr. Craft

pleaded not guilty to all charges.    Judge Ritter ordered that Mr. Craft be detained.    Mr. Craft has

remained in custody throughout the proceedings of this case.

3.        On July 29, 2019, the Court designated this case complex pursuant to 18 U.S.

§3161(h)(7)(B)(ii).    *See* Doc. 49.

4.        Subsequently, on November 5 2019, a grand jury issued a Superseding Indictment

adding multiple defendants and charging all named individual defendants with: (i) Conspiracy in

violation of 18 U.S.C. § 1594(c); (ii) Sex trafficking by means of force or coercion in violation of

18 U.S.C. §§ 1591(a)(1) and (b)(1), aiding and abetting (18 U.S.C. § 2); (iii) Benefitting

financially from a sex trafficking venture in violation of 18 U.S.C. §§ 1591(a)(2) and (b)(1), aiding

and abetting (18 U.S.C. § 2); (iv) Interstate and foreign travel and transportation in support of

racketeering enterprises in violation of 18 U.S.C. §§ 1952 (a)(3)(A), aiding and abetting (18 U.S.C.

§ 2); (v) conspiracy in violation of 21 U.S.C. §846; (vi) Maintaining a drug involved premises in

violation of 21 U.S.C. §856(a), aiding and abetting (18 U.S.C. § 2); (vii) Maintaining a drug-

involved premises within 1,000 feet of a school in violation of 21 U.S.C. §860(a), aiding and

abetting (18 U.S.C. § 2), and (viii) conspiracy in violation of 18 U.S.C. § 1956(h) (i.e., money

laundering), aiding and abetting (18 U.S.C. § 2).    Mr. Craft has pleaded not guilty to all charges

set forth against him in the Superseding Indictment and is presumed innocent of those charges.

## II.    LAW REGARDING PRE-TRIAL DETENTION.

The Bail Reform Act states: "If a person is ordered detained by a magistrate judge, or by a

person other than a judge of a court having original jurisdiction over the offense and other than a

Federal appellate court, the person may file, with the court having original jurisdiction over the

offense, a motion for revocation or amendment of the order."    18 U.S.C. § 3145(b).    "The motion

shall be determined promptly."    *Id*.    The District Court reviews detention orders *de novo*. *See, e.g.,*

*United States v. Kelsey*, 82 Fed. Appx. 652, 653 (10th Cir. 2003)("[A] magistrate judge denied Mr.

Kelsey's request for release on bail after conducting a detention hearing.   Mr. Kelsey appealed to the district court, which redetermined the issue de novo after holding another bail hearing . . . .").

The Bail Reform Act of 1984 generally expresses a preference for release upon conditions as the court may fashion and sets forth a hierarchical scheme starting from release on personal recognizance and moving to various conditions, such as posting an appropriate bond, maintaining employment, restrictions on travel, regular reporting, and drug testing.   *See United States v. Scott*, No. CR 10-1361 JB, 2010 U.S. Dist. LEXIS 54232, at *10 (D.N.M. May 25, 2010)(Browning, J.). Under the Bail Reform Act, the Court may order a Defendant to be detained only upon finding "that no condition or combination of conclusions will reasonably assure the appearance of the person as required and the safety of any other person and the community."   18 U.S.C. § 3142(b), (c), and (e). The United States bears the burden of proving risk of non-appearance by a preponderance of the evidence, and the burden of proving dangerousness by clear-and convincing evidence.   *See* 18 U.S.C. § 3142(f); *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).   A finding of dangerousness or of risk of non-appearance, however, does not automatically entail pre-trial custody. Because the presumption of the Bail Reform Act is pre-trial release, the Act provides that, if a defendant is found to be a risk of non-appearance or a danger to the community, then

> the judicial officer shall order the pretrial release of the person—
>
> (A) subject to the condition that the person not commit a Federal, State, or local crime during the period of release and subject to the condition that the person cooperate in the collection of a DNA sample from the person if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. 14135a); and
>
> (B) subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . .

18 U.S.C. § 3142(c).

The factors to be considered when determining whether conditions of release can be

fashioned to assure the Defendant's appearance a trial are:

> (1)   the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [18 USCS § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

> (2)   the weight of the evidence against the person;

> (3)   the history and characteristics of the person, including--

>> (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

>> (B)   whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

> (4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

For certain cases, the Bail Reform Act includes a presumption that no condition or combination of conditions will assure the safety of the community.  *See* 18 U.S.C. § 3142(e) (articulating rebuttable presumption in cases in which the judicial officer finds probable cause to believe that the defendant committed a drug trafficking crime carrying a maximum sentence of ten years or more).[1]  The presumption is rebuttable.  While the presumption places a burden of

---

[1]  Defendant recognizes that constitutional challenges to the Bail Reform Act have been unsuccessful.  *See, e.g., United States v. Salerno*, 481 U.S. 739, 755–56, 107 S. Ct. 2095, 2106, 95 L. Ed. 2d 697 (1987).   Nevertheless, the Honorable Justice Thurgood Marshall's powerful dissent in *Salerno* serves as a reminder that a statutory scheme that creates presumptions in favor of detention for conduct for which a Defendant is presumed innocent is logically problematic:

> This case brings before the Court for the first time a statute in which Congress declares that a person innocent of any crime may be jailed indefinitely, pending the trial of allegations which are legally presumed to be untrue, if the Government shows

production onto a defendant, it does not shift the burden away from the Government of proving by clear and convincing evidence that a Defendant is a danger to the community. *See United States v. Alatishe*, 768 F.2d 364 (D.C. Cir. 1985); *United States v. Jessup*, 757 F.2d 378 (1st Cir. 1985); *United States v. Chimurenga*, 760 F.2d 400 (2nd Cir. 1985); *United States v. Perry*, 788 F.2d 100 (3rd Cir. 1986); *United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985); *United States v. Hazime*, 762 F.2d 34 (6th Cir. 1985); *United States v. Portes*, 786 F.2d 758 (7th Cir. 1985); *United States v. Hurtado*, 779 F.2d 1467 (11th Cir. 1985).

## III.   ARGUMENT.

Mr. Craft acknowledges that this is a presumption case given the nature of the charges pending against him.   Even with that presumption in place, however, the Government has not shown that there is no condition or combination of conditions that would assure the safety of the community and Mr. Craft's appearance at all required proceedings associated with this case. Following the rubric of the Bail Reform Act, conditions can be fashioned to assure Mr. Craft's appearance in court and protect the community.

The charges are serious, but the weight of the evidence is not so compelling that Mr. Craft should be deemed unable to comply with any combination of conditions of release.   Mr. Craft is

---

> to the satisfaction of a judge that the accused is likely to commit crimes, unrelated to the pending charges, at any time in the future. Such statutes, consistent with the usages of tyranny and the excesses of what bitter experience teaches us to call the police state, have long been thought incompatible with the fundamental human rights protected by our Constitution. Today a majority of this Court holds otherwise. Its decision disregards basic principles of justice established centuries ago and enshrined beyond the reach of governmental interference in the Bill of Rights.

*United States v. Salerno*, 481 U.S. 739, 755–56, 107 S. Ct. 2095, 2106, 95 L. Ed. 2d 697 (1987) (Marshall, J. dissenting).   Although in the dissent, Justice Marshall's rejoinder to the *Salerno* majority should instill a certain amount of caution when applying presumptions against the criminally accused in any setting, but particularly when it comes to pre-trial detention.   Parties should at least keep in mind that in "presumption" cases, the burden of production shifts to a defendant, but the burden of persuasion does not.

presumed innocent, and the Government has yet to show convincing evidence that Mr. Craft engaged in sex trafficking.   Furthermore, the notion that he was involved in a conspiracy to commit money laundering is not plausible.   With respect to the charge of maintaining a drug involved premises (which makes this a presumption case), the evidence is weak.   The United States bears to burden of proof, including regarding the strength of its case.

Moreover, Mr. Craft's criminal history appears lengthy at first glance, but the Government over states its.   Notably, nearly every case brought against Mr. Craft arises out of a tumultuous domestic relationship.   Several cases have been brought over the years by the same individual and then dropped.   Moreover, in the instances where Mr. Craft has failed to appear in his state-court cases, he has a history of remedying the situation, surrendering himself, and dealing with his charges. It is notable that, in various instances, bench warrants can be attributed to the issuing court not using the current address. Mr. Craft does not pose a risk of non-appearance that cannot be mitigated through the imposition of conditions of release.

Mr. Craft has strong incentives to remain in Albuquerque to fight his case.   He has 5 children living in Albuquerque from 10 months old to 15 months.   He is active in the lives of these children, is a good father, and provides for them financially.   He has lived in Albuquerque for over ten years, during which time he has maintained regular gainful and lawful employment, including for Hyatt Regency, Clear Channel Call Center, fast food chains, and other employers, including day labor.   Furthermore, Mr. Craft's elderly parents live in Albuquerque and he is a significant help to them.   His parents both have health difficulties.   For example, his mother is on oxygen 24 hours a day.   Mr. Craft also has siblings and aunts, cousins, and nieces in Albuquerque.   Mr. Craft maintains close relationships with his numerous family members in Albuquerque.   He does not have a passport or history of international travel.   Thus, his ties to the community are strong and he has a support system to assist him in complying with conditions of release.   Such factors

demonstrate his incentive to remain in Albuquerque

With reference to whether he is a danger to the community, Defendant points out that his last felony conviction was in 2006.   It is true that Mr. Craft's relationship with one individual gave rise to various police contacts and cases being opened against him, but those cases were usually dismissed.   That individual is not afraid of Mr. Craft and does not consider him to be dangerous.

Finally, there is a marked struggle for federal defendants in New Mexico to access their attorneys because of the distance and frequent lack of availability of visitation times in the facilities in which federal defendants are housed.   Such conditions infringe on Defendant's rights to due process, to a fair trial, and to effective assistance of counsel.   Given the imposition pretrial detention poses on Mr. Craft, even if the Court finds that he is a danger or a risk of non-appearance, the Court can fashion conditions to assure his appearance and protect the community.   Such conditions might include ankle bracelet monitoring, travel restrictions, strict supervision, substance abuse testing, and other standard and non-standard conditions available to the Court, including third-party custody.

WHEREFORE, Defendant Jonathan Craft respectfully requests that, pursuant to the Bail Reform Act, the Court fashion conditions of release that are sufficient but not more than necessary to assure Mr. Craft's appearance and the safety of the community.

Respectfully Submitted,

LAW OFFICES OF MARSHALL J. RAY, LLC

/s/ *Marshall J. Ray*
Marshall J. Ray
201 Twelfth St. NW
Albuquerque, NM 87102
(505) 312-7598

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of March 2020, I filed the foregoing pleading via CM-ECF, causing all registered parties to be served.

/s/ *Marshall J. Ray*
Marshall J. Ray