**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

**Clerk's Minutes**
**Before the Honorable David Herrera Urias**

**CASE NO.**   CR 19-1631        **DATE:** 4/6/23

**TITLE:** *United States v. Bhula et al.*

**COURTROOM CLERK:** J. Faulkner        **COURT REPORTER:** C. McAlister

**COURT IN SESSION:** 10:06 – 11:07 A.M.   **TOTAL TIME:** 1 HOUR AND 1 MINUTE

**TYPE OF PROCEEDING:** CONTINUATION OF EVIDENTIARY HEARING ON TRIAL EXHIBITS.

**Court's Rulings:**

**ATTORNEYS PRESENT FOR PLAINTIFF(S):**        **ATTORNEYS PRESENT FOR DEFENDANT(S):**
Letitia Simms                                  Meredith Baker
Jack Burkhead                                  Robert Gorence

10:06 A.M.: The Court is in session. The Court calls the case. Counsel enter their appearances.

Mr. Gorence moves to waive his client's appearance. The Court asks about hearing the Government's motion in limine without Defendant Patel present. Mr. Gorence waives Mr. Patel's presence for the motion and the evidentiary hearing. Mr. Burkhead responds that he is uncomfortable arguing the motion in limine without Mr. Patel present. The Court states that it will not hear the pending motion in limine during this hearing given Mr. Patel's absence. The Court will instead only hear the evidentiary objections to Defendant's exhibit list.

Exhibits B and C – The Government withdraws its objections to these exhibits.

Exhibits D through H. The Court recounts what these exhibits are. The Government says it can go through each exhibit and state objection. The Court allows the Government to proceed with argument on objections.

Exhibit D and E– Jane Doe 1 cell phone extraction. The Government objects to the whole exhibit. The Government states that the whole exhibit contains some irrelevant and graphic material. Ms. Baker responds that the whole exhibits are being introduced because defense is unable to anticipate what is necessary. Ms. Simms states that some of the graphic material on these exhibits should not be a basis for cross-examination and that the better method would be to simply ask question. The Court reserves ruling on Exhibits D and E.

Ms. Baker addresses the recent cellbrite disclosure. Ms. Baker states that there is new data and that defense will provide the data to the Government. If the Government provides a hard drive to defense, then defense counsel can get the data over to the Government tomorrow. Mr. Burkhead states that the Government can try to get a hard drive today.

Exhibit F, J, I – Defense withdraws these exhibits.

Exhibit H – Government explains its objections to this exhibit as hearsay, irrelevant, and lacking authentication. Ms. Baker states that defense will replace the exhibit without the handwriting appearing on the document. Ms. Baker asks the Court to reserve ruling on Exhibit H. Ms. Baker states that she will probably try to have Mr. Loera testify as a witness concerning Mr. Horton's telling Mr. Loera to lie. The Court reserves ruling on Exhibit H.

Exhibit K – The Government states that K(1), Willie Horton's conviction, is outside of the 10 year time frame under Fed. R. Evid. 609. The Court states that K1 and K2 appear to be outside of the 10-year time frame under Rule 609. Ms. Baker says we "can't use" K1 and K2. The Court sustains objections to prior convictions that are outside the 10-year time frame. The Court states that K3 could be admissible. The Court will reserve ruling on K3. Ms. Simms states that if Mr. Horton denies that he's a convicted felon, the Government wants to use for impeachment.

Exhibits L through R: the Court states that it will not exclude evidence of the prior convictions at this time. The Court will reserve ruling until trial.

Exhibits S through BB. The Government withdraws objection to S – BB.

Exhibit T – The Government withdraws objection assuming there is a proper foundation laid for this exhibit.

Exhibit U – Defense withdraws Exhibit U.

Exhibit V through DD – The Government has no objection to Exhibits V – DD.

Exhibits EE through II – The Government states that it does not object to any photos of rooms that are room 204 because that is the room the undercover agent stayed in. The Government intends to hopefully present photos of room 204 to the agent in its examination. Ms. Baker states that Exhibits EE through II were selected to show what empty rooms look like. The Court states that it will reserve ruling on the admissibility of Exhibits EE – II. The Court states that it may be unfair to only present pictures of clean motel rooms. The Court will try to ensure that the photos presented to the jury of the motel are a fair representation of how the motel actually appeared.

Exhibits LL, MM, NN, OO – no objection by the Government

Exhibit PP – Government objects to PP for a number of reasons. Ms. Baker says she plans to use it as a demonstrate exhibit. Ms. Baker withdraws PP as a substantive exhibit. But she still may use it as a demonstrative exhibit.

Exhibit QQ through VV – No objection by the Government.

Exhibit WW – The Government objects as hearsay. Ms. Baker says it will be impeachment material. The Court says it will reserve ruling on Exhibit WW.

Exhibits XX through OOO – No objection by the Government

Exhibits PPP through YYY – No objection by the Government.

Exhibit ZZZ – The Government objects to this exhibit of call involving Jane Doe 2. The Government says that this is a lengthy exhibit and argues its theories for excluding the exhibit. The Government says the exhibit could only be used if Jane Doe 2 says something inconsistent. Ms. Baker says that the call would be used for impeachment purposes of something Jane Doe 2 says. The Court says that it will reserve ruling on ZZZ. The Court says that the exhibit is likely hearsay, but could be used for impeachment purposes.

Exhibits AAAA and BBBB – No objection by the Government.

Exhibits CCCC through LLLL – The Government objects to these exhibits. But the Government acknowledges that some of these exhibits may be admissible if the witnesses made a prior inconsistent statements. Both parties ask the Court to reserve ruling. The Court will reserve ruling on Exhibits CCCC through LLLL.

Exhibit MMMM – The Government says this exhibit is irrelevant and that the only place where this would be raised is in jury instructions (and the Government disputes it would be included in jury instructions). Ms. Baker withdraws Exhibit MMMM.

Having concluding the objections to Defendant's exhibit list, the Court asks if there is anything further regarding exhibits for trial. Ms. Simms states that she has submitted the redacted exhibits, as ordered by the Court from the March 21, 2023 hearing. Ms. Simms sent an email to the Court. Ms. Baker does not have a position at the moment on the redacted exhibits submitted by the Government.

The Court takes up the email submission by Ms. Simms. The Court states that the Government's Exhibit 2 appears to be sufficiently redacted because it redacts business names, but asks defense to raise any objection. As for Exhibit 201, the Court says that the exhibit is adequately redacted. The Court will still reserve ruling on the ultimate admissibility of Ex. 201. Concerning the Government's Exhibit 203, the Court states that the exhibit is adequately redacted, and that the Court will reserve ruling on the exhibit's ultimate admissibility. The Government also submitted the still image.

The Court tells the parties that it will issue a pretrial ruling on the admissibility of Exhibit 27, the Google reviews of the Best Choice Inn.

The Court will not at this time hear the motion in limine implicating Mr. Patel. The Court asks Mr. Gorence to submit the response brief by Monday, April 10th, 2023. The Government should reply as soon as possible.

11:07: There being nothing further, the Court is in **RECESS**.