IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>**JOHNATHAN CRAFT, et al.**<br><br>       Defendant. | Case No. **19-cr-1631-DHU** |

### JOHNATHAN CRAFT'S RESPONSE TO GOVERNMENT MOTION<br>FOR APPOINTMENT OF COUNSEL FOR ADDITIONAL WITNESSES

Defendant by and through counsel undersigned, opposes the government's request set forth in its Motion for Appointment of CJA legal counsel (Doc. 500) because the requisite foundation has not been established.

### LAW REGARDING THE CRIMINAL JUSTICE ACT

Congress enacted the CJA in 1964 "to insure effective representation for those charged with a crime or confronted with the risk of being deprived of constitutional rights in ancillary proceedings." *United States v. Gonzalez,* 150 F.3d 1246, 1258 (10th Cir.1998) (citation omitted). Section 3006A states: "Each United States district court, with the approval of the judicial council of the circuit, shall place in operation throughout the district a plan for furnishing representation for any person financially unable to obtain adequate representation in accordance with this section." 18 U.S.C. § 3006A(a). A court shall appoint counsel to represent the defendant if it is

"satisfied after appropriate inquiry that the person is financially unable to obtain counsel." 18 U.S.C. § 3006A(b).

The statute permits, but does not require, courts to conduct the appointment proceedings ex parte. In contrast, § 3006A(e) states: "Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application." 18 U.S.C. § 3006A(e)(1). Requests for investigative or expert services are conducted in ex parte proceedings so that the defendant's defense strategy is not disclosed. *See United States v. Gonzalez,* 150 F.3d at 1258; *Marshall v. United States,* 423 F.2d 1315, 1318 (10th Cir.1970)("The manifest purpose of requiring that the inquiry [regarding requests for investigative, expert, and other services] be ex parte is to ensure that the defendant will not have to make a premature disclosure of his case.").

Under the CJA, financially eligible persons receive appointed counsel to assist them. The CJA provides:

> (1) Representation shall be provided for any financially eligible person who —
>
> > (A) is charged with a felony or a Class A misdemeanor;
> >
> > (B) is a juvenile alleged to have committed an act of juvenile delinquency as defined in section 5031 of this title;
> >
> > (C) is charged with a violation of probation;
> >
> > (D) is under arrest, when such representation is required by law;
> >
> > (E) is charged with a violation of supervised release or faces modification, reduction, or enlargement of a condition, or extension or revocation of a term of supervised release;
> >
> > (F) is subject to a mental condition hearing under chapter 313 of this title;

>(G) is in custody as a material witness;
>
>(H) is entitled to appointment of counsel under the sixth amendment to the Constitution;
>
>(I) faces loss of liberty in a case, and Federal law requires the appointment of counsel; or
>
>(J) is entitled to the appointment of counsel under section 4109 of this title [concerning transfers]. 18 U.S.C. § 3006A(a)(1).

Under subsection (C) of the CJA, "[a] person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(C).

The Judiciary Guide to Policy and Procedures provides guidance to judges on a number of issues. The Guide codifies promulgations of both the Judicial Conference of the United States and the Director of the Administrative Office. Part A, Chapter 2, of Volume 7 of the Guide addresses eligibility for CJA representation. Section 2.01(F) states:

>Other cases or proceedings which may be covered or compensable under the Act include, but are not limited to the following (see also paragraph 2.22B(2)):
>
>>...
>>(5) Representation may be furnished for financially eligible persons in "ancillary matters appropriate to the proceedings" pursuant to subsection (C) of the Act. In determining whether a matter is ancillary to the proceedings, the court should consider whether the matter, or issues of law or fact in the matter, arose from, or are the same as or closely related to, the facts and circumstances surrounding the principal criminal charge.

In determining whether representation in an ancillary matter is appropriate to the proceedings, the court should consider whether such representation is reasonably necessary to accomplish, inter alia, one of the following objectives:

> (i) to protect a Constitutional right;
>
> (ii) to contribute in some significant way to the defense of the principal criminal charge;
>
> (iii) to aid in preparation for the trial or disposition of the principal criminal charge;
>
> (iv) to enforce the terms of a plea agreement in the principal criminal charge;
>
> (v) to preserve the claim of the CJA client to an interest in real or personal property subject to a civil forfeiture proceeding pursuant to 21 U.S.C. § 881, 19 U.S.C. § 1602 or similar statutes, which property, if recovered by the CJA client, may be considered for reimbursement under subsection (f) of the Act and paragraph 2.04 of these Guidelines; or
>
> (vi) to effectuate the return of real or personal property belonging to the CJA client which may be subject to a motion for return of property pursuant to Fed.R.Crim.P. 41(e), which property, if recovered by the CJA client, may be considered for reimbursement under subsection (f) of the Act and paragraph 2.04 of these Guidelines.

*United States v. Chavez*, 2014 WL 936721, at *5–7 (D.N.M. Mar. 6, 2014).

The scope of representation in the ancillary matter should extend only to the part of the ancillary matter that relates to the principal criminal charge and to the correlative objective sought to be achieved in providing the representation (e.g., a CJA defendant in a criminal stock fraud case should be represented by CJA counsel at the defendant's deposition in a parallel civil fraud action for the limited purpose of advising him concerning his Fifth Amendment rights).

*United States v. Chavez*, 2014 WL 936721, at *5–7 (D.N.M. Mar. 6, 2014).

Here, the government seeks to have counsel appointed apparently to all of its civilian witnesses without providing the requisite foundation: Indigency and a showing that the witness' constitutional rights require the appointment of counsel.  That has not been done here.

Respectfully Submitted,
BURGESS & PORTER LAW, LLC
By:

/s/ Barry G. Porter
_____

**Barrett G. Porter and**
**Meredith Baker**
**Burgess & Porter Law, LLC**
400 Gold Avenue, SW  Suite 910
Albuquerque, NM 87102
Phone:  505-433-5545

**CERTIFICATE OF SERVICE**
This will certify that a copy of the foregoing was served upon all parties to this case pursuant to New Mexico Court Rules.

/s/ Barry G. Porter
_____
Counsel for Defendant/Respondent