UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**Clerk's Minutes**
**Before the Honorable David Herrera Urias**

**CASE NO.**     CR 19-1631          **DATE:** 5/1/23

**TITLE:** *United States v. Jonathan Craft and Pragneshkumar Patel*.

**COURTROOM CLERK:** J. Faulkner      **COURT REPORTER:** C. McAlister

**COURT IN SESSION:** 2:15 P.M. – 2:40 P.M. **TOTAL TIME:** 25 MINUTES

**TYPE OF PROCEEDING:** STATUS CONFERENCE REGARDING DEFENDANTS' FAIR-CROSS-SECTION CLAIM (DOCS. 515, 517, 518)

**Court's Rulings:**

- By Wednesday, May 3rd, 2023, Defendants should file a motion requesting any pertinent jury documents. The Government's response is due by May 5th, 2023.

- After Defendants have filed their initial motion to review jury selection information, Defendants will file a "challenge" motion, if any, by June, 7th, 2023. The Government then must respond by June 13th, 2023.

- The Court establishes a June 7, 2023 deadline for Defendants' expert(s) to be disclosed.

**ATTORNEYS PRESENT FOR PLAINTIFF(S):**     **ATTORNEYS PRESENT FOR DEFENDANT(S):**

Letitia Simms                                Meredith Baker
Jack Burkhead                                Barry Porter
                                             Jason Bowles

2:15 P.M. The Court calls the case. Counsel enter their appearances. Defendants waive their presence. The Court grants the request. The Court begins by discussing the reason for the hearing.

The Court tells the parties the process about making a jury selection challenge under 18 U.S.C. § 1867(f). A defendant typically files a motion under the statue; then the Court directs the Clerk of the Court to produce the requested documents; then after an analysis of those documents by defense, a challenge is or is not made by the defendant.

After explaining this procedure, the Court orders that that by Wednesday, May 3rd, 2023, Defendants should file a motion requesting any pertinent jury documents. The Government's response is due by May 5th, 2023. The Court will then try to enter an order "early next week,"

either by May 8 or 9, 2023. The Court will then issue the order to Clerk and will likely place the Clerk on a 2-week deadline to produce the documents.

After Defendants review the jury selection information, Defendants will then determine if filing a "challenge" motion is necessary. Any such challenge motion by Defendants must be filed by June,7th, 2023. The Government then must respond by June 13th, 2023.

The Court reiterates that at this stage it is indeterminate when the Clerk's office will be able to produce the information. The Court states that trial will not be continued because of any delay in the process. In other words, if the process is not complete before trial, this will not be a ground to continue trial.

The Court next addresses some of Defendants' specific requests. The Court asks Defendants what they mean by their request for "briefing." Mr. Porter answers that he was hoping to meet with the Clerk's jury division staff.

The Court states that the Court's Jury Plan answers many of Defendants' request. The Court discusses some aspects of the Court's jury selection process and what makes jurors eligible and reiterates that the Court's Jury Plan answers some of the requests they seek. The Court discusses the retention policies of wheels – four years from when the last juror in the wheel served.

As for Defendants' request to meet with Clerk's Office staff, the Court states that it could probably get an affidavit from a Clerk's office staff member instead of Defendants meeting with the Clerk's Office staff.

The Court also states that Defendants are only entitled to documents that actually exist – the Clerk's Office will not create documents that do not exist.

The Court next talks about the topic of having a "statewide draw" of eligible jurors (rather than a divisional draw from the Northern and Southern divisions). The parties may stipulate to Bernalillo County being the place from which the eligible pool is drawn. However, this does require stipulation.

Mr. Burkhead brings up deadlines to disclose experts. Mr. Porter says that he has put requests out to experts, but so far he has received no response from a potential expert. After conferring with the parties, the Court sets a June 7 deadline for Defendants' experts to be disclosed.

The Court says there is a report called an AO-12, and that the Court will determine if this form can be released.

The Court then gives the parties citations to the following cases that contain sample motions and orders:

- 15-cr-04268 *United States v. Baca et al.*
- 07-cr-1244 *United States v. Taylor et al.*
- 05-cr-924 *United States v. Lujan et al.*

- 17-cr-965 *United States v. Cleveland*

The Court next talks about Defendants' statement regarding a protective order. The Court says a protective order may be appropriate.

Finally, Mr. Burkhead asks that Defense determine if Mr. Bhula intends to join in any motion challenging jury selection procedures so that Mr. Bhula does not separately raise this issue at another point. Counsel for Mr. Patel and Mr. Craft state that they will seek out Mr. Bhula's position.

2:40: **RECESS**.