IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. **19-cr-1631-DHU** |
| Plaintiff, | |
| v. | |
| **JOHNATHAN CRAFT, et al.** | |
| Defendant. | |

**DEFENDANT JOHNATHAN CRAFT'S MOTION
FOR USE OF A SPECIAL QUALIFIED JURY LIST PURSUANT
TO THE COURT'S MODIFIED JURY PLAN (2015) SECTION 5(b)(1)**

Johnathan Craft, by and through counsel of record, Meredith Baker, Law Office of Meredith Baker and Barrett G. Porter, Burgess & Porter Law, hereby respectfully moves the Court pursuant to the New Mexico District Court Modified Jury Plan issued on October 27, 2015 (1:15-mc-00004), Section 5(b)(1), to issue an Order to the Northern Jury Division of the Court, that the Qualified Jury List in this case be drawn from jurors residing in Bernalillo County.

This Motion is also based upon Mr. Craft's Fifth & Sixth Amendments to the United States Constitution, and the non-discrimination policies underlying the Jury Selection and Service Act (JSSA), 28 U.S.C. § 1861, et. seq.

The Government opposes this request. Counsel for co-defendant Patel joins this motion. Counsel for co-defendant Kamal Bhula has no objection to this motion.

In support of this Motion, Mr. Craft respectfully submits the following:

## I.   PROCEDURAL BACKGROUND

1. On June 12, 2019, a federal Grand Jury Indicted Mr. Craft along with several other individuals with ten criminal offenses comprising: Count 1: Conspiracy to Commit Sex Trafficking, Counts 2-4: Sex Trafficking by Means of Force, Count 5: Benefitting Financially from Sex Trafficking, Count 6: Racketeering in Violation of the Travel Act, Count 7: Conspiracy pursuant to U.S.C. § 846, Count 8: Maintaining a Drug-Involved Premise, Count 9: Maintaining a Drug-Involved Premise within 1,000ft of a school, Count 10: Conspiracy to Commit Money Laundering.

2. On November 5, 2019, another Grand Jury returned a superseding indictment that included two additional co-defendants but did not change the charges against Mr. Craft.

3. On April 24, 2023, the Court commenced a jury trial for Mr. Craft and his co-defendant Pragneshkumar Patel.

4. A jury venire of 84 people was selected by the Court Clerk's jury division personnel.

5. When the jury venire of 84 prospective jurors was seated in the courtroom for voir dire, defense counsel observed that the panel of 84 prospective jurors did not contain any apparent African American individuals.

6. After inquiry with the Court Clerk's jury division personnel, the Court learned that several of the last jury venires generated by the jury division likewise failed to have **any** African American representation.

7.     Given that Mr. Craft is African American, defense counsel for both Mr. Craft and Mr. Patel moved to strike the panel for not representing a fair cross-section of the community.  The African American community in New Mexico according to U.S. Census bureau data comprises approximately 2.7 percent of the whole state population.

8.     The African American population in Bernalillo County is 3.7 percent. Limiting the pool of jurors to people residing in Bernalillo County will significantly increase the likelihood that Mr. Craft will have a jury representing a "fair cross-section" of his community.

## II.     GOVERNING LAW AND ARGUMENT

A defendant in a criminal case has a constitutional and statutory right to a petit (trial) jury chosen without discrimination from a fair and representative cross section of the community. *Glasser v. United States*, 315 U.S. 60, 85-86 (1942), *superseded on other grounds by statute, as recognized by Bourjaily v. United States*, 483 U.S. 171 (1987); *Smith v. Texas*, 311 U.S. 128, 130 (1940). "The selection of a petit jury from a representative cross section of the community is an essential component of the Sixth Amendment right to a jury trial." *Taylor v. Louisiana*, 419 U.S. 522, 528 (1975).

In addition, discrimination in the selection of a petit jury panel violates a defendant's constitutional right to due process of law as guaranteed by the Fifth Amendment to the United States Constitution. *Batson v. Kentucky*, 46 U.S. 79 (1986).

Under standards established by the Sixth Amendment of the federal constitution and the Jury Selection and Service Act (JSSA), petit juries that decide the guilt or

innocence of that person must be selected "at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861.

Currently, the Federal Court, District of New Mexico, utilizes only voter registration data to create the pool or Master Jury Wheel for all grand jury and petit jury proceedings.  Voter registration, however, is not a requirement for a person to be qualified to be a juror in federal court. To be legally qualified for jury service, an individual must:

- be a United States citizen;
- be at least 18 years of age;
- reside primarily in the judicial district for one year;
- be adequately proficient in English to satisfactorily complete the juror qualification form;
- have no disqualifying mental or physical condition;
- not currently be subject to felony charges punishable by imprisonment for more than one year; and
- never have been convicted of a felony (unless civil rights have been legally restored).

28 U.S.C. § 1865.

In instances, like the circumstances existing in Mr. Craft's case, the Court has the authority and the obligation to modify the selection process so that it minimizes the impact of discriminatory processes and safeguards a defendant's constitutional rights.

"It is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C.A. § 1861.

Here, the method of pulling jurors from county voter registration lists routinely generates jury lists that are not a reflection of the cross-section of the community, and in fact routinely excludes African Americans.  To really remedy this systemic problem, our New Mexico District Court should follow the lead of other federal courts that supplement their prospective jury panels with lists of prospective jurors from driver's license and state identification lists. Failure of our federal court to draw from prospective juror sources in this state not only affects the "fair cross-section" requirements of African Americans, but many other members of economically and ethnically distinct citizens.

Other federal jurisdictions have worked to remedy this discriminatory problem. Here is a short list generated by a very limited survey of United States District Courts that have Jury Plans that include sources from driver's license lists and state identification card lists:

1. U.S. District Court, Southern District of California,

2. U.S. District Court, District of Colorado,

3. U.S. District Court of Utah,

4. U.S. District Court of Michigan,

5. U.S. District Court for the Eastern District of New York,

As noted in the Jury Plan for Utah 2022, the prospective juror "source list will be supplemented with data maintained (or collected) by the Department of Public Safety, Driver License Division, consisting of names and addresses of Utah licensed drivers. This supplementation of the Source List is consistent with the Court's goal of minimizing potential barriers to jury service that may be based upon race or ethnicity."

As in Utah, California, Colorado, Michigan and several other federal courts that have modified their respective jury plans to be consistent with the goals of minimizing potential barriers to jury service based upon race, economic status, or ethnicity, New Mexico needs to revisit the current jury plan and expand its sources for prospective jurors.

Although it is true that voter registration rolls have been held to be a constitutional source for prospective jurors, it is most certainly the lowest bar. The New Mexico federal court can and should follow other federal courts in this respect and expand its juror source list to meet the policy declarations of Jury Selection and Service Act.

In the meantime, Mr. Craft asks that this Court order the next best thing available right now – a jury panel from Bernalillo County.  This will increase his chances of getting a jury venire that more accurately reflects a "fair cross-section" of his community and will in no way prejudice the government.

### III.   CONCLUSION

WHEREFORE, Mr. Craft respectfully requests that the Court order that the jury venire created for his trial be drawn exclusively from Bernalillo County.

Respectfully Submitted,

BURGESS & PORTER LAW, LLC

*/s/  Barrett (Barry) G. Porter*

Barrett G. Porter and
Meredith Baker Attorneys for
Defendant Johnathan Craft
Burgess & Porter Law, LLC
400 Gold Avenue, SW Suite 910
Albuquerque, NM 87102
Phone:  505-433-5545  /  Fax: 505-835-3545
Email: bporter@burgessporterlaw.com

I hereby certify that the foregoing Document was served electronically through the CM/ECF system, which caused electronic service of this document upon the assigned AUSA and all other parties in this matter.

 */s/ Barrett (Barry) G. Porter*

Barrett G. Porter
Counsel for Defendant