## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       CR No. 1:19-01631-DHU

JOHNATHAN CRAFT, et al.

    Defendants.

## **ORDER**

This matter comes before the Court upon Defendant Johnathan Craft's Motion for Disclosure of Grand Jury and Petit Jury Data and Protective Order Pursuant to 28 U.S.C. § 1867(f) (Doc. 520). Defendant Pragneshkumar Patel joins the motion. The Government takes no position on the motion for the jury data requested and does not oppose the entry of a protective order.

The Court, having reviewed the motion, the arguments of the parties before the Court, and being otherwise fully advised of the issues and circumstances, finds that Defendant Craft is entitled to the information and data he has requested under 28 U.S.C. § 1867(a) and (f) from the Clerk's Office of the United States District Court for the District of New Mexico ("Clerk's Office"), as provided and described herein.

IT IS HEREBY ORDERED that Defendant Johnathan Craft's Motion for Disclosure of Grand Jury and Petit Jury Data and Protective Order Pursuant to 28 U.S.C. § 1867(f) (Doc. 520) is GRANTED; once a protective order has been proposed by the parties and approved and entered by the Court, the Clerk's Office must make available to the Defendants, through defense counsel,

the following existing information, data, and documents related to grand and petit jurors in the Northern Division of the District of New Mexico:

1) all information[1] related to the creation of the Court's Master Jury Wheels and Qualified Jury Lists from 2019 to 2023, beginning with the information related to Defendant Craft's Indictment on November 5, 2019, through the present;

2) all information concerning members of the pool (Qualified Jury List) that was drawn from the Master Wheel from which the grand jury in this case was selected;

3) all information concerning members of the pools (Qualified Jury Lists) who were drawn from the master jury wheel from which the petit jury will be selected in this case;

4) all information related to the jurors who actually appeared for jury selection during the life of the Master Jury Wheels used since 2019;

5) all information regarding jurors summonsed for jury duty from the Master Jury Wheels used since 2019 who did not appear for jury selection;

6) all information regarding prospective jurors from the Master Jury Wheels used since 2019 who failed to return the Juror Qualification Questionnaire and all available information on efforts made to follow up on those prospective jurors pursuant to 28 U.S.C. § 1864(a);

7) all information concerning prospective jurors from the Master Jury Wheels used since 2019 who were deemed unqualified, exempted, or excused from jury service; including the reason for the disqualification, exemption or excusal; and

---

[1] The phrase "all information" refers to all available statistical or demographic information regarding jurors including race, color, ethnicity, gender, religion, sex, national origin, or economic status or any other demographic statistics recorded, compiled, or made available to the jury division.

8) all information and documents related to statistical analysis reports available for the Master Jury Wheels and Qualified Jury Wheels used between 2019 and 2023, concerning the race, ethnicity and gender of prospective jurors.

IT IS FURTHER ORDERED that Defendant shall submit a proposed stipulated Protective Order in this matter to the Court as soon as practicable, but no later than close of business on May 12, 2023.  The parties are strictly prohibited from releasing or sharing any information provided under this Order to anyone not involved in the litigation of the jury challenge in this case and the parties will abide by any Protective Order the Court enters in this matter.

IT IS FURTHER ORDERED that Defendant is to coordinate his specific requests for information under 28 U.S.C. § 1867(f) with the Clerk's Office in a manner that minimizes the burden and expense of producing the information necessary for Defendants to adequately evaluate whether a challenge to the jury selection process would be appropriate.  The Clerk's Office shall assume all reasonable costs it incurs as a result of producing copies of available information in compliance with this Order, but the Clerk's Office may petition the Court to have Defendant assume any extraordinary costs incurred in complying with this Order.

IT IS FINALLY ORDERED that Defendant shall provide to the United States a copy of all information obtained from the Clerk's Office pursuant to this Order within 3 days of receipt of the information.  Upon receipt of the requested information and a showing of good cause and need, Defendant may seek, by motion, the disclosure of additional information not specified in this Order and the United States will have the opportunity to respond to the motion.

_____
HON. DAVID HERRERA URÍAS
UNITED STATES DISTRICT JUDGE

3