UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**Clerk's Minutes**
**Before the Honorable David Herrera Urias**

**CASE NO.** CR 19-1631 DHU           **DATE:** 5/17/23

**TITLE:** *USA v. Craft and Patel*

**COURTROOM CLERK:** J. Faulkner      **COURT REPORTER:** C. McAlister

**COURT IN SESSION:** 2:34 – 3:31 PM   **TOTAL TIME:** 57 MINUTES

**TYPE OF PROCEEDING:** STATUS CONFERENCE

**COURT RULING:**

**ATTORNEYS PRESENT FOR PLAINTIFF(S):**   **ATTORNEYS PRESENT FOR DEFENDANT(S):**

Letitia Simms                              Robert Gorence, Susan Burgess-Farrell

**PROCEEDINGS:**

2:34 PM: THE COURT CALLS THE CASE. COUNSEL ENTER THEIR APPEARANCES. MR. GORENCE STATES THAT DEFENDANT PATEL'S PRESENCE HAS BEEN WAIVED.

The Court takes up the issue about whether the Government's amended expert disclosure of Special Agent Belida will delay the trial. Mr. Porter discusses the fact that the Government has recently superseded the indictment. Mr. Porter suggests that potential litigation could be likely in light of the Government's recent superseding indictment. Mr. Porter represents that he may file a motion to dismiss the counts.

Ms. Simms responds to the effect of the recent superseding indictment. Ms. Simms states that superseding indictments are common. Ms. Simms states that there is "no new evidence" underlying the additional new charges added to the superseding indictment. She states that the new charges are based on the same evidence.

In addition, Ms. Simms notes that she has talked with counsel for Defendant Craft and that counsel have represented to her that the superseding indictment should not have any effect on the case. Ms. Simms states that the superseding indictment should not result in a continuance of trial.

Ms. Simms states that she has been instructed to look at the evidence supporting charges, including potential RICO charges.

The Court states that there is a high likelihood that this case will be continued in light of the superseding indictment. The Court also tells the Government that it will be some time before trial is had.

The Government suggests that it may move to sever the newly added counts in order to retain the current trial setting and have the newly added charges tried at a later date. Ms. Simms states that if the trial is continued then a RICO charge may be coming because the Government may have available evidence of a RICO charge.

The Court asks to hear from Mr. Gorence. Mr. Gorence states that it is inconceivable that the superseding indictment would not generate more litigation. Mr. Gorence states that the timing of the superseding indictment is not normal. Mr. Gorence concludes his statement.

Ms. Burgess-Farrell addresses the Court. Ms. Burgess-Farrell states that she did indeed represent to the Court and to the prosecutor that the new superseding indictment will not result in a continuance.

Mr. Porter addresses the Court. Mr. Porter states that Defendant Craft does not want a continuance. Mr. Porter states that the new charges involve new evidence, new witnesses, and possible a *Daubert* challenge. Mr. Porter also states that the superseding indictment is an abuse of power by the Government.

Ms. Simms addresses the Court. She also renews her request to sever trial of the new and old counts.

The Court states that Defendant Craft is acquitted on the original charges, then the Court likely will not detain Mr. Craft.

The Court gives the Government until May 26, 2023 to either dismiss the counts or file a motion to sever counts. The Court will then decide on whether to retain the trial date. The Court suggests that if the counts are not dismissed, then the Court will continue the trial.

The Court next takes up the issue of the jury pool issue and Defendant Craft's fair-cross-representation claim. Given that the jury will be summoned from Bernalillo County, the Court asks Mr. Porter whether the jury issue will be moot. Mr. Porter answers that he has retained experts (Brian Sanderoff) within the set deadline.

Mr. Gorence states that there is no longer a "case" or "controversy" given that the Court has granted the motion on the jury pool issue. Mr. Gorence states that he no longer joins Mr. Porter's motion. Mr. Gorence represents that Defendant Patel has no standing in the fair-cross-motion claim. Mr. Gorence asks that Mr. Patel (and his counsel) not have to attend the June 14, 2023 hearing. The Court grants that request.

Mr. Gorence asks if the Defendant Patel could be tried and severed as the first defendant given that the superseding indictment does not implicate his client.

The Court states that Ms. Simms should address whether severing with just Mr. Patel would be an option.

3:31 P.M.: **RECESS**.