IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**JOHNATHAN CRAFT**, )<br>)<br>Defendants. )<br>) | Cr. No. 19-1631 DHU |

**UNITED STATES' CONDITIONAL MOTION TO SEVER COUNTS 11 AND 12.**

The United States respectfully submits this conditional motion to sever Counts 11 and 12 as charged against Defendant Johnathan Craft in the Second Superseding Indictment filed May 9, 2023 (Doc. 530). Although these counts are properly joined with the other charges in the indictment under Federal Rule of Criminal Procedure 8(a), severance is nevertheless appropriate to allow the parties to keep the current trial date of July 17, 2023. The United States' motion to sever is thus conditional on maintaining the July 17 trial date.

As the Court is aware, the last two trial settings in this case have been continued over the United States' objection. After the continuance of the most recent trial date, April 24, 2023, the United States determined it would use the unexpected additional time to strengthen its case. On May 9, 2023, a grand jury returned a second superseding indictment charging Defendant Craft with additional counts of Possessing heroin with the intent to distribute (Count 11), as well as possessing a firearm in furtherance of a drug trafficking crime (Count 12).[1] This was the first

---

[1] The Speedy Trial Act commands that when a plea of not guilty is entered, trial shall commence within 70 days of the filing of the indictment. 18 U.S.C. § 3156(c)(1). It may not, unless the Defendant agrees, commence within 30 days. (*Id*, § 3156(c)(2)). In this matter, the Second Superseding Indictment was filed on May 9, 2023 - 69 days before the scheduled trial date of July 17, 2023. While this case has been ruled complex and the 70-day deadline was waived years ago, these deadlines are still informative as to whether 69 days' notice of new charges is reasonable.

1

reasonably available grand jury setting after the April 24, 2023 trial setting. These charges were based on the same evidence and exhibits the parties had litigated prior to the April 24, 2023 trial setting. The charges require no new discovery. An amended expert notice was filed the very next day, May 10, 2023, alerting the parties of two additional topics of the expert testimony. The United States did not notice a new expert, but added topics to the already-litigated, Court approved, expert in this matter.

Although Defendant Craft's attorneys had previously advised government counsel that the defense did not need additional time to prepare to try the additional charges, at the status conference on May 17, 2023, Defendant Craft's counsel reversed course and represented to the Court that they could not adequately prepare for trial on the new charges by July 17, 2023. The Court concluded that the trial setting of July 17th was not viable in light of defendant's representations if the government was to proceed on the additional counts. The Court afforded the United States the option of either moving to sever Counts 11 and 12 or dismissing those charges if it was to proceed to trial on the remaining counts as scheduled on July 17, 2023.

The United States chooses to move to sever Counts 11 and 12 from the upcoming July 17, 2023 trial, conditioned on the maintenance of that trial date. When the new counts were added, the United States was not seeking to delay matters. It was simply attempting to make the most of the extra time it was given to prepare its case by adding counts that were already covered in the discovery.[2] The United States does not wish to continue the July 17, 2023 trial setting.

---

[2] The United States considered other additional counts, but intentionally did not add counts that would have either generated more discovery or were of such a complicated nature their addition would likely continue trial.

The United States respectfully requests the Court grant the motion to sever Counts 11 and 12 from the current trial setting of July 17, 2023 and allow the parties to proceed on the charges in the prior Superseding Indictment.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*/s 5/24/23*
LETITIA CARROLL SIMMS
JACK E. BURKHEAD
Assistant U.S. Attorneys
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 224-1501
(505) 246-7296 fax

I hereby certify that a copy of this
motion was delivered via CM/ECF
to counsel for Defendants.
 *filed electronically*
Letitia Carroll Simms