**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. **19-cr-1631-DHU** |
| Plaintiff, | |
| v. | |
| **JOHNATHAN CRAFT, et. al,** | |
| Defendant. | |

**DEFENDANT'S MOTION TO DISMISS COUNTS 11 & 12
BASED UPON IMPROPER SELECTIVE PROSECUTION**

COMES NOW, Johnathan Craft, through legal counsel, Barrett (Barry) G. Porter and Susan Burgess-Farrell of Burgess & Porter Law, hereby respectfully submits this Motion to Dismiss Counts 11 and 12 Based Upon Improper Selective Prosecution.

This request is made pursuant to Mr. Craft's due process and equal protection rights under 5th and 14th Amendments to the United States' Constitution and governing case law.

The Government opposes this request and undersigned counsel requests an evidentiary hearing for this matter.

In support of this Motion, Mr. Craft respectfully submits the following:

## **PROCEDURAL BACKGROUND**

1.      On June 12, 2019, a federal grand jury indicted the defendant with Conspiracy to Commit Sex Trafficking, four counts of Sex Trafficking, a violation of the Travel Act, Conspiracy pursuant to 21 U.S.C. § 846, Maintaining a Drug-Involved Premises, and Maintaining a Drug-Involved Premises within 1,000ft of a school, and Conspiracy to Commit Money Laundering. On November 5, 2019, a grand jury returned a superseding indictment that included two additional co-defendants. Defendant Johnathan Craft has pled not guilty to all charges set forth against him in the Superseding Indictment and is presumed innocent.

2.      On May 11, 2023, after five prior trial settings and the passage of three years and 10 months since Mr. Craft was arrested in June of 2019, the government charged two new felony offenses purportedly based on the "same evidence" the government possessed for four years.

3.      The new charges against Mr. Craft came about only after he asserted his constitutional due process rights and challenged the ethnic make-up of the jury panel drawn for trial on April 24, 2023.  The evidence supporting the new charges in Counts 11 and 12, included an unloaded firearm and approximately 5 grams of heroin.

4.      Not only did the government bring up these charges after Mr. Craft asserted a protected constitutional right, but the government also failed to charge any of the other residents at the Best Choice Inn (BCI) with similar offenses even though they engaged in the exact same alleged conduct.

5.      Several of the guests at the Best Choice Inn possessed the same or similar illegal substances on June 19, 2019, allegedly possessed by Mr. Craft. Further, several of the residents possessed firearms along with those illegal substances on June 19, 2019. Just by way of example, at the time of the police raid of the Best Choice Inn on June 19, 2019, the investigating agents found:

1. In his vehicle and in the BCI rooms rented by co-defendant Willie Horton (110,108, 210), five firearms, a large amount of methamphetamine, heroin, cocaine and unprescribed pills.

2. In the room rented by Larry Woolridge (116), heroin and a loaded firearm.

3. On the person of Ashley Langston, methamphetamine and in her rented rooms (114,115) crack pipes and loaded crack cocaine pipes.

4. In the room rented by April Shockley (209), and on her person, agents recovered heroin and methamphetamine.

Other rooms also had illicit drugs in them that were not charged. (See Exhibit A, DEA Report of Investigation BCI Evidence Recovery Report 6-18-19).

## **GOVERNING LAW**

To prevail on a claim of selective prosecution, a defendant must show that "he has been singled out for prosecution while others similarly situated generally have not been proceeded against for the type of conduct forming the basis of the charge against him." *United States v. Salazar,* 720 F.2d 1482, 1487 (10th Cir.1983), *cert. denied,* 469 U.S. 1110, 105 S.Ct. 789, 83 L.Ed.2d 783 (1985). In addition, the defendant must prove that the government's selection of him for prosecution "was invidious or in bad faith and was

based on impermissible considerations such as ... **the desire to prevent the exercise of constitutional rights**." *United States v. Furman*, 31 F.3d 1034, 1037 (10th Cir. 1994) (emphasis added).

Although federal prosecutors have an abundance of discretion, a prosecutor's discretion is "*subject to constitutional constraints*." (*United States v. Batchelder*, 442 U.S. 114, 125, 60 L. Ed. 2d 755, 99 s. ct. 2198 (1979)). One of these constraints, imposed by the "equal protection component of the Due Process Clause of the Fifth Amendment, (Bolling v. Sharpe, 347 U.S. 497, 500, 98 L. Ed. 884, 74 s. ct. 693 (1954)), is that the decision whether to "prosecute" may not be based on "an unjustifiable standard or arbitrary classification*,*" (*Oyler v. Boles*, 368 U.S. 448, 456, 7 L. Ed. 2d 466, 82 s. ct. 501 (1962).

Here, Mr. Craft is being prosecuted for alleged law violations that several of the Best Choice Inn tenants are even more culpable. Willie Horton, Larry Woolridge, Ashley Langston and April Shockley are all similarly situated individuals, yet none were prosecuted for the offenses now charged against Mr. Craft.

Mr. Craft has been singled out for prosecution – an extremely untimely prosecution. Furthermore, his prosecution for the charges in the newly minted Counts 11 and 12, came only after he exercised his constitutional right to have a jury comprised of a fair and representative cross-section of the community.

Wherefore, given that the prosecution has used its prosecutorial authority in an unequal, impermissible and vindictive manner, counts 11 and 12 of the superseding indictment should be dismissed.

Respectfully Submitted,
BURGESS & PORTER LAW, LLC

*/s/  Barrett (Barry) G. Porter*

I hereby certify that the foregoing Document was
served electronically through the CM/ECF system,
which caused electronic service of this document
upon the assigned AUSA and all other parties in
this matter.

Barrett G. Porter & Susan Burgess-Farrell
Attorney for Defendant
Burgess & Porter Law, LLC
400 Gold Avenue, SW Suite 910
Albuquerque, NM 87102
Phone:  505-433-5545  Fax: 505-835-3545
Email: bporter@burgessporterlaw.com

   /s/ Barrett (Barry) G. Porter
_____
Barrett G. Porter
Counsel for Defendant Johnathan Craft

5