IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                                        **Plaintiff,**<br>**v.**<br><br>**JOHNATHAN CRAFT, et. al,**<br><br>                                        **Defendant.** | **Case No. 19-cr-1631-DHU** |

## MOTION TO LIMIT EXPERT
## TESTIMONY AND STRIKE UNTIMELY NOTICE

Defendant, Jonathan Craft, by and through his legal counsel, Burgess and Porter Law, moves to exclude the newly noticed testimony of proposed government expert Josh Belida, because the government's notice was untimely and because this expert has not undergone the requisite expert-reliability hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kuhmo Tire V. Carmichael*, 526 U.S. 137 (1998); and Federal Rules of Evidence 702, 703 and 704.

The Government has now filed a fourth Notice of Intent to Call Expert Witnesses (Doc. 533).  The current "Amended Notice" states that Agent Belida will testify concerning the following new material:

Special Agent Belida will testify concerning matters that may include:

a. The manner in which drugs are packaged for sale, including the use of cutting agents, and how the possession of cutting agents indicates an intent to distribute, because it creates more substance to be sold.

b. Special Agent Belida will testify that drug traffickers frequently use, carry, and possess firearms during and in relation to and in furtherance of drug trafficking crimes. The possession of firearms is necessary to protect their merchandise and money from law enforcement other drug traffickers, customers, and other individuals who rob drug dealers of their product and currency.

Previously, the Court ruled the following regarding Agent Josh Belida:

> Agent Belida's proposed topics of testimony are generally considered permissible. *See Cushing*, 10 F.4th at 1080 (identifying the following permissible topics of testimony by a qualified law enforcement agent: the "components of drug distribution, including coded language in intercepted calls, indicators of illicit drug operations, common tools of the drug trade, records of drug business, and a criminal organization's territory and culture.").
>
> . . .
>
> However, Agent Belida will not be permitted to testify that the evidence in this case is consistent with maintaining a drug premises. "In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704(b). This rule prevents experts from expressly stating the final conclusion or inference as to a defendant's mental state, but it does not prevent the expert from testifying to facts or opinions from which the jury could conclude or infer the defendant had the requisite mental state. *Archuleta*, 737 F.3d at 1297 (quoting *United States v. Goodman*, 633 F.3d 963, 970 (10th Cir. 2011)).
>
> It is appropriate for Agent Belida to testify as an expert about indicia of drug operations on a general level so that he can aid the jury in understanding the evidence, and from his opinion, the jury can conclude or infer whether Defendants had the requisite mental state. However, it would be improper for the agent to offer an opinion about whether the evidence in this case was consistent with maintaining a drug premises because this would result in him opining about Defendants' intent, which is prohibited by Rule 704(b).

Order Denying Exclusion of Expert (Doc. 413).

The Government's Amended Notice was filed after the last trial setting and after the government's addition of two new charges in a new Second Superseding Indictment (Doc. 530).

The Court's expert notification deadline for trial was on August 1, 2022 (Doc. 303). All parties noticed experts and filed appropriate objections. The Court held two days of hearings on the experts and issued rulings about each expert. No subsequent expert notice date was set by the Court for new expert designations nor was one requested by the government.

The Amended Notice is not timely. It violates the Court's expert notice deadline and arose out of the government's decision to add last-minute charges against Mr. Craft. They now wish to expand the scope of the testimony of expert Josh Belida by adding in testimony from him that pertains to the newly added charges in Counts 11 and 12.

There has been no Daubert hearing regarding the requested new material, and it is unfair for the government to cause the necessity for new litigation just before another trial setting. The parties and the Court must be given a reasonable time to respond, investigate and cross examine the expert on the new material. Under the law, the District court is required to perform a gatekeeping role to prevent unreliable expert testimony from reaching the jury. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993).

Allowing the government to file a notice untimely causes prejudice to Mr. Craft's ability to litigate the issues involved so that he can have a fair trial.

Accordingly, the defense requests that the Court strike the amended notice of new material and have the government proceed with the previously ruled upon scope of expertise.

Respectfully Submitted,
BURGESS & PORTER LAW, LLC

 */s/  Barrett (Barry) G. Porter*
_____
Barrett G. Porter & Susan Burgess-Farrell
Attorney for Defendant
Burgess & Porter Law, LLC
400 Gold Avenue, SW Suite 910
Albuquerque, NM 87102
Phone: 505-433-5545  Fax: 505-835-3545
Email: bporter@burgessporterlaw.com

I hereby certify that the foregoing Document was served electronically through the CM/ECF system, which caused electronic service of this document upon the assigned AUSA and all other parties in this matter.

 /s/ Barrett (Barry) G. Porter
_____
Barrett G. Porter
Counsel for Defendant Johnathan Craft