UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**Clerk's Minutes**
**Before the Honorable David Herrera Urias**

**CASE NO.** CR 19-1631 DHU         **DATE:** 6/14/23

**TITLE:** *USA v. Craft and Patel*

**COURTROOM CLERK:** J. Faulkner         **COURT REPORTER:** C. McAlister

**COURT IN SESSION:** 9:18 A.M. – 9:55 A.M.    **TOTAL TIME:** 37 MINUTES

**TYPE OF PROCEEDING:** (1) STATUS CONFERENCE REGARDING JURY CHALLENGE AND (2) MOTION HEARING ON THE UNITED STATES' MOTION TO SEVER COUNTS 11 AND 12 (DOC. 549).

**COURT RULING:**

**ATTORNEYS PRESENT FOR PLAINTIFF(S):**     **ATTORNEYS PRESENT FOR DEFENDANT(S):**

Letitia Simms                                Robert Gorence, Barrett Porter, Jason Bowles

Jack Burkhead

**PROCEEDINGS:**

9:18 am. The Court calls the case. Counsel enter their appearances. Defendant Craft is present. Mr. Patel waives his appearance. The Court grants this request. The Court explains the purpose of the hearing – to hear the Government's Motion to Sever and to hold a Status Conference on the jury challenge issue. The Court first hears the Government's severance motion. Ms. Simms, on behalf of the Government, begins oral argument.

Mr. Porter, on behalf of Defendant craft delivers arguments for why he opposes the motion to sever. Mr. Porter states that he will likely file (1) a motion to dismiss for vindictive prosecution, (2) motion to strike a government expert witness and (3) and a motion for a *Daubert* hearing. Mr. Burkhead states that the Government can submit a response brief on an abbreviated deadline.

After conferring with the parties, the Court establishes a June 26, 2023 deadline for Defendant to file any proposed motions. The Government will respond by June 30, 2023.

Mr. Bowles states that the Government has prejudiced Defendant Patel by having expert testimony on a firearm. And Mr. Bowles says he will file a motion to sever.

The Court next takes up the issue of the jury challenge issue. The Court reiterates that it has imposed an August 7, 2023 deadline. Mr. Porter states that there may be putative "similarly situated" challengers filed by at least two other people in the District who apparently are defendants with pending charges.

The Court states that to the extent the defendant is challenging the venire process and the selection of jurors based only on voter registration rolls, Defendants have until August 7, 2023 to challenge such matters. The Government will then respond by August 14, 2023.

Mr. Burkhead states that the Government has obtained an expert from San Diego, California. The Government states that it may move for an extension of the August 14, 2023 response deadline. The Court grants the Government an extension of time to file a response brief.

The Court states that it wants a tentative hearing date with the assumption that full briefing on the jury challenge issue will not occur until September.

The Court proposes September 12, 2023 through October 13, 2023 as possible hearing dates. Mr. Porter responds that he will be out of the country and Mr. Porter has since filed a notice of unavailability from September 1, 2023 through October 13, 2023.

The Court sets a tentative date of October 24, 2023 at 9:00 a.m. for the jury challenge hearing. The Court will set aside the whole day. The Court will also hold October 25, 2023 as well in case it should go over.

The Government brings up a motion to compel testimony and submitted a proposed order. There is no response from defense counsel. Ms. Simms states that Jane Doe's lawyer asked for an order compelling her client to testify. Mr. Bowles states that requests like this are routinely granted.

9:55: There being nothing further, the Court is in **RECESS**.