**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 1 3 2023

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JOHNATHAN CRAFT, a.k.a. "Jonathan Craft," "YN," and "Wayan,"

    Defendant.

Cr. No. 19-1631 DHU

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, **JOHNATHAN CRAFT**, and the Defendant's counsel, Barry Porter and Susan Burgess-Farrell.

### REPRESENTATION BY COUNSEL

1.     The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2.     The Defendant further understands the Defendant's rights:

    a.     to be prosecuted by indictment;

    b.     to plead not guilty, or having already so pleaded, to persist in that plea;

    c.     to have a trial by jury; and

    d.     at a trial:

        i.     to confront and cross-examine adverse witnesses,

ii.     to be protected from compelled self-incrimination,

iii.    to testify and present evidence on the Defendant's own behalf, and

iv.    to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.     The Defendant agrees to waive these rights and to plead guilty to Count 7 of the second superseding indictment, charging a violation of 21 U.S.C. § 846, that being Conspiracy, and to the Information, charging a violation of 18 U.S.C. §§ 922(g)(9) and 924, that being Prohibited Person in Possession of a Firearm.

## SENTENCING

4.     The Defendant understands that the maximum penalty provided by law for this offense is:

Count 7 of the Second Superseding Indictment: 21 U.S.C. § 846, that being Conspiracy:

a.     imprisonment for a period of not more than twenty (20) years;

b.     a fine not to exceed the greater of $500,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

c.     a term of supervised release of not more than three (3) years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

d.     a mandatory special penalty assessment of $100.00; and

e.     restitution as may be ordered by the Court.

<u>The Information: 18 U.S.C. §§ 922(g)(9), that being Prohibited Person in Possession of a Firearm or Ammunition:</u>

    a. imprisonment for a period of not more than ten (10) years unless the Court determines that the Defendant is an armed career criminal pursuant to 18 U.S.C. § 924(e), in which case he shall be imprisoned for a term of no less than 15 years and up to life;

    b. a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

    c. a term of supervised release of not more than three (3) years to follow any term of imprisonment, however if the defendant is determined to be an armed career criminal, a term of supervised release of not more than five (5) years.   (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

    d. a mandatory special penalty assessment of $100.00; and

    e. restitution as may be ordered by the Court.

    5.    The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes. The Defendant further recognizes that while the Defendant's attorney may have made a prediction or estimate of the sentence that the Court may impose, the Defendant understands that the Court is not bound by any such estimate or prediction.

3

## ELEMENTS OF THE OFFENSE

6.      If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

Count 7: 21 U.S.C. § 846, that being, Conspiracy

*First*:      two or more persons agreed to violate the federal drug laws, specifically maintaining a drug-involved premises;

*Second*:      the defendant knew the essential objective of the conspiracy;

*Third*:      the defendant knowingly and voluntarily involved himself in the conspiracy; and

*Fourth*:      there was interdependence among members of the conspiracy.

By Information: 18 U.S.C. §§ 922(g)(9), that being, Prohibited Person in Possession of a Firearm or Ammunition

*First*:      The defendant knowingly possessed a firearm;

*Second*:      the defendant has been convicted of a misdemeanor crime of domestic violence;

*Third*:      at the time of the possession, the defendant knew that he had been convicted of a misdemeanor crime of domestic violence; and

*Fourth*:      before the defendant possessed the firearm, the firearm had moved at some point in interstate commerce.

## DEFENDANT'S ADMISSION OF FACTS

7.      By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts

4

sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment and information that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

**Between March 2018 and June 18, 2019, in Bernalillo County, New Mexico, I agreed with my co-defendants, including Kamal Bhula and Pragneshkumar Patel, to knowingly and intentionally lease or rent rooms within the Best Choice Inn, knowing the rooms would be used to use, store, or sell controlled substances. Pragneshkumar Patel owned the hotel, and he profited from renting the rooms used for such purposes. Kamal Bhula was the on-site manager, and he too profited from renting the rooms used for such purposes. I worked the front desk and was in charge of the Best Choice Inn while Bhula was away.   In that capacity, I rented rooms to tenants at the Best Choice Inn knowing that controlled substances would be used or sold within. While living and working in the Best Choice Inn, I knowingly possessed controlled substances in my room, knowingly distributed controlled substances to others on the premises, knowingly permitted others to use controlled substances on the premises, and knowingly allowed others distribute controlled substances on the premises. Through my employment at the Best Choice Inn, I knew that drug use and distribution on the premises was rampant. While I did not believe that drug use and distribution was the sole purpose of the Best Choice Inn, through my observations I did know that drug use and distribution was one of the principal uses of the establishment and I knowingly entered into an agreement with others to permit the use and distribution of controlled substances on the property.**

5

On or about June 18, 2019, I knowingly possessed a firearm, a Smith and Wesson Airweight, .38 special, in my room at the Best Choice Inn, which was located in Bernalillo County, New Mexico. I knew that this firearm functioned as designed, and I have been advised and do not dispute that it meets the federal definition of a firearm. I kept the firearm in my nightstand with my personal belongings. At the time of my possession of the firearm, I had been convicted of at least one misdemeanor crime of domestic violence and, on June 18, 2019, I was aware that I had been convicted of such a crime. I have been advised, and do not dispute, that the firearm I possessed was not manufactured in New Mexico, and therefore it moved in interstate or foreign commerce prior to my possession of it.

8.      By signing this agreement, the Defendant admits that there is a factual basis for each element of the crimes to which the Defendant is pleading guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

9.      Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend as follows:

a.      As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Consequently, pursuant to USSG § 3E1.1(a), so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing

6

guidelines, and if applicable, a reduction of an additional offense level pursuant to USSG § 3E1.1(b). This reduction is contingent upon the Defendant personally providing to the United States Probation Officer who prepares the presentence report in this case an appropriate oral or written statement in which the Defendant clearly establishes the Defendant's entitlement to this reduction. Further, the United States is free to withdraw this recommendation if the Defendant engages in any conduct that is inconsistent with acceptance of responsibility between the date of this agreement and the sentencing hearing. Such conduct would include committing additional crimes, failing to appear in Court as required, and/or failing to obey any conditions of release that the Court may set.

b.   The United States will seek a sentence no greater than the low-end of the correctly-calculated advisory guideline range.

c.   The Defendant understands that the above recommendations are not binding on the Court and that whether the Court accepts these recommendations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence. If the Court does not accept any one or more of the above recommendations and reaches an advisory guideline sentence different than expected by the Defendant, or if the Court varies from the advisory guideline range, the Defendant will not seek to withdraw the Defendant's plea of guilty. In other words, regardless of any of

the parties' recommendations, the Defendant's final sentence is solely within the discretion of the Court.

10.     Apart from the recommendations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the application of factors in 18 U.S.C. § 3553(a).

11.     Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under USSG § 1B1.3.

## DEFENDANT'S ADDITIONAL AGREEMENT

12.     The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

13.     The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

14.     The Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be

admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

15.     By signing this plea agreement, the Defendant waives the right to withdraw the Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the Defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, the Defendant understands that if the court rejects the plea agreement, whether or not the Defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and the Defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

16.     The Defendant further agrees that this plea agreement has been reached under a joint plea offer, pursuant to which the Defendant and co-Defendants Kamal Bhula and Pragneshkumar Patel must plead guilty as a condition of this agreement. If either this Defendant or co-Defendants Kamal Bhula and Pragneshkumar Patel fail to plead guilty, or attempts to move to set aside or withdraw from any such guilty plea, the Defendant understands that the United States shall have the right to withdraw from this plea agreement, even after it has been accepted by this Court, and take any action described under the heading Violation of Plea Agreement below.

17.     The Defendant agrees that the Defendant is the same person who was previously convicted of the following offenses, each of which was at the time of conviction punishable by imprisonment for a term exceeding one year:

a.      On October 26, 2016, I was convicted of Attempt to Commit False Imprisonment in D-202-CR 2015-02989 in the Second Judicial District Court, Bernalillo County, New Mexico;

b.      On October 26, 2016, I was convicted of Aggravated Battery Against a Household Member (No Great Bodily Harm) in D-202-CR 2015-02989 in the Second Judicial District Court, Bernalillo County, New Mexico;

c.      On October 26, 2016, I was convicted of Battery Against a Household Member in D-202-CR 2015-02989 in the Second Judicial District Court, Bernalillo County, New Mexico;

d.      On October 26, 2016, I was convicted of Battery Against a Household Member in D-202-CR 2015-02989 in the Second Judicial District Court, Bernalillo County, New Mexico; and

e.      On October 26, 2016, I was convicted of Battery Against a Household Member in D-202-CR 2015-02989 in the Second Judicial District Court, Bernalillo County, New Mexico.

The Defendant further agrees that the convictions listed above are valid and free from fundamental error, and that the Defendant's constitutional rights, including the right to counsel, were not violated when the convictions were obtained.

10

## RESTITUTION

18.     The parties agree that, as part of the Defendant's sentence, the Court will enter an

order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A, if

applicable; if § 3663A is not applicable, the Court will enter an order of restitution pursuant to 18

U.S.C §§ 3663 and 3664. The Defendant agrees and acknowledges that, as part of the

Defendant's sentence, the Court is not limited to ordering restitution only for the amount

involved in the particular offense or offenses to which the Defendant is entering a plea of guilty,

but may and should order restitution resulting from all of the Defendant's criminal conduct

related to this case.

## FORFEITURE

19.     The Defendant agrees to forfeit, and hereby forfeits, whatever interest the

Defendant may have in any asset derived from or used in the commission of the offense(s) in this

case. The Defendant agrees to cooperate fully in helping the United States (a) to locate and

identify any such assets and (b) to the extent possible, to obtain possession and/or ownership of

all or part of any such assets. The Defendant further agrees to cooperate fully in helping the

United States locate, identify, and obtain possession and/or ownership of any other assets about

which the Defendant may have knowledge that were derived from or used in the commission of

offenses committed by other persons.

20.     The Defendant voluntarily and immediately agrees to forfeit to the United States

all of the Defendant's right, title, and interest in the following assets and properties:

      a.   a Smith and Wesson Airweight, .38 special bearing serial number DCX7677;

      b.   any ammunition seized from Room 112 of the Best Choice Inn on June 18, 2019;

          and

c.  any United States currency seized from Room 112 of the Best Choice Inn on June 18, 2019.

21.     The Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the Defendant's interest in the above-described property to the United States.

22.     The Defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

23.     The Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property. The Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## WAIVER OF APPEAL AND POST-CONVICTION RIGHTS

24.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and sentence, as well as any order of restitution entered by the Court. This waiver extends to any challenge to the manner in which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence.

25.     The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation Guideline range.

26.     The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a).

27.     In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

28.     Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

    a.     Following sentencing, the United States will move to dismiss the remaining counts in the Second Superseding Indictment (19-1631 DHU); and

    b.     The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment and information.

29.     This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

30.     The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set

forth in this agreement and any addenda). There have been no promises from anyone as to what sentence the Court will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

31.     The Defendant agrees that if the Court finds that the Defendant has violated any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

32.     At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $200 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

33.     This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

14

AGREED TO AND SIGNED this _13_ day of _July_____, 2023.

> ALEXANDER M.M. UBALLEZ
> United States Attorney
>
> _____
> LETITIA CARROLL SIMMS
> Assistant United States Attorneys
> Post Office Box 607
> Albuquerque, New Mexico   87102
> (505) 346-7274

 

I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

> _____
> BARRY PORTER
> Attorney for the Defendant
>
> _____
> SUSAN BURGESS-FARRELL
> Attorney for the Defendant

I have carefully discussed every part of this agreement with my attorney.   I understand the terms of this agreement, and I voluntarily agree to those terms.   My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

> _____
> JOHNATHAN CRAFT
> Defendant

15