IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                  Plaintiff,<br>v.<br><br>**JOHNATHAN CRAFT,**<br>                                  Defendant. | Case No. **19-CR-1631 (DHU)** |

# MOTION FOR EARLY
# TERMINATION OF SUPERVISED RELEASE

COMES NOW the defendant, Johnathan Craft, by and through his attorney of record, Barrett (Barry) G. Porter, Burgess and Porter Law, and respectfully submits this Motion for Early Termination of Supervised Release pursuant to 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1(c).

In support of this motion, Mr. Craft states as follows:

## RELEVANT FACTS

1.  On February 8, 2024, Mr. Craft was sentenced to a term of imprisonment of 70 months and ordered to serve 3 years of supervised release as reflected in the Judgment in a Criminal Case filed on February 9, 2024 (Doc.658).

2.  Prior to his sentencing, Mr. Craft served 55 months and 21 days in custody at the Cibola County Correctional Center. (1696 days) (4 years, 7.6 months).

Mr. Craft received no good time credit for the entirety of his pre-trial detention.

    2.     On June 6, 2024, Mr. Craft was released from custody and started his term of Supervised Release with the United States Probation and Pretrial Services.

    3.     As part of his supervision, Mr. Craft was required to abide by thirteen (13) Standard Conditions of his release and eleven (11) Special Conditions of his release including: counseling, drug testing, mental health treatment, and regular reporting to his supervising officer.

    4.     Mr. Craft has succeeded in following all of the conditions of his supervised release without violation:

  a. He completed a Mental Health evaluation with A New Awakening.

  b. He completed a full year of course work of Moral Recognition Treatment (MRT) with A New Awakening. MRT comprises weekly meetings.

  c. Mr. Craft completed the Reentry Program with Goodwill Industries.

  d. All of Mr. Craft's drug screens were negative for any illicit drugs.

  e. Mr. Craft completed 24 weeks of Domestic Violence awareness training. (See Exhibit A, Certificate of Completion from A New Awakening).

  f. Mr. Craft maintained full-time employment.

  g. Mr. Craft reported as directed by his supervising officers.

    5.     Mr. Craft is seeking termination of his supervision so that he will be free to pursue a broader range of employment as an interstate shipper, as a

community peer support person, and open his own shipping business with his brother, Nathanial Craft.

6. Most immediately, Mr. Craft wishes to regain his prior employment with C5 Expedite, as a delivery person. C5 Expedite, is a shipping company operating in various states throughout the U.S. and headquartered in Wisconsin Rapids, WI.

7. For employment with C5, Mr. Craft needs to travel out of state for approximately 21 days each month. Mr. Craft seeks this work for two reasons:

First. To earn better money to support his family, and save for his own business startup. With this employment Mr. Craft will be able to earn between $1750 to $4550 net per week.

Second. Mr. Craft wants to learn more about setting up his own delivery/logistics business.  Mr. Craft has been talking with his brother, Nathaniel Craft about starting a logistics business here in New Mexico.  Nathaniel Craft has had a delivery/logistics business in the state of Ohio since 2012.  Mr. Craft feels that setting up his own delivery business is the best way to support his family and keep his children engaged in safe and clean employment as they head into adulthood.

8. Mr. Craft has drafted a business plan for the proposed logistics company. (See Exhibit B, Business Plan for a Logistics Company).

9.  Mr. Craft is also scheduled to begin employment as a Comprehensive Community Support Worker with the State of the Heart Recovery agency on March 26, 2026.

10.  F.P.O. Larissa Romero was contacted regarding this request and responded, that although the probation office cannot make a recommendation regarding the early termination of Mr. Craft, she can provide the Court information on Mr. Craft's behavior and accomplishments during his supervision. (See Exhibit C, email correspondence L. Romero 1-2-2026).

11.  Concurrence in the relief requested herein was sought from A.U.S.A. Jack Burkhead, and Mr. Burkhead objects to the requested relief.

## ARGUMENT

Termination of supervised release is governed by 18 U.S.C. § 3583(e):

[t]he court may, after considering the factors set forth in section 3553(a)(1),(a)(2)(B), (a)(2)(D), (a)(4), (a)(6), and (a)(7)-

(1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Rules of Federal Procedure relating to modification of probation, of it is satisfied that such action is warranted bythe conduct of the defendant released and the interest of justice [.]

18 U.S.C. § 3583(e).

"Whether to grant a motion to terminate supervised release under § 3583(e)(1) is a matter of district court discretion." *United States v. Gutierrez*, 925 F. Supp. 2d 1196, 1200 (D.N.M. 2013)(quoting *Rhodes v. Judiscak*, 676 F. 3d 931,933(10th Cir. 2012). In determining whether to grant a motion to terminate supervised release, The Court must consider the factors set forth in 18 U.S.C. § 3553(a), *See* 18 U.S.C. § 3564. The factors for the Court to consider are: 10 "the nature and circumstances of the offense and history and characteristics of the defendant"; and 2) "the need for the sentenced imposed." 18 U.S.C. § 3553 (a)(1)-(2). With regard to the need for the sentenced imposed, the Court should consider what sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, adequately deters criminal conduct, protects the public, and provides the defendant with educational or vocational training, medical care, or correctional treatment. *See* 18 U,S.C. § 3553(a)(2)(A)-(D).

    The District Court of New Mexico has specifically recognized that:

> The primary goal of supervised release is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation t a defendant who has spent a fairly short period of time in prison for punishment of other purposes but stillneeds supervision and training after release.

*United States v. Gutierrez*, 925 F. Supp. 2d 1196, 1199(quoting *United States v. Pugh*, 515 F. 3d 1179, 1199 (11th Cir. 2008)).

Early termination of supervised release is warranted in this case because Mr. Craft has met the requisite one year of supervision for consideration of termination of supervised release, and he has shown through his solid track record during his supervision and his diligent work on himself that he does not require additional supervision and that additional supervision would hinder his continued progress.

WHEREFORE, Johnathan Craft respectfully requests that the Court grant his Motion for Early Termination of Supervised Release.

Respectfully Submitted,
BURGESS & PORTER LAW, LLC

/s/ signed and filed electronically
_____
**Barrett (Barry) G. Porter**
Attorney for Johnathan Craft
Burgess & Porter Law, LLC
400 Gold Avenue, SW Suite 910
Albuquerque, NM 87102
Phone:  505-433-5545  Fax: 505-835-3545
Email: bporter@burgessporterlaw.com

I hereby certify that the foregoing document was served electronically through the CM/ECF system, which caused electronic service of this document upon the assigned AUSA in this case.

  /s/ **signed electronically**
_____
**Barry G. Porter**
Counsel for Defendant