UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 19-CR-01631-DHU |
| JOHNATHAN CRAFT, | |
| Defendant. | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

On February 23, 2026, the Defendant filed a Motion for Early Termination of Supervised Release that seeks to shave approximately 15 months off his 36-month term of supervised release. Doc. 693. The Defendant argues that early termination of supervised release is just and proper because (1) to date he has abided by all terms and conditions of supervised release and (2) he has a job opportunity that requires him to be absent from the District of New Mexico 21 days per month. While the United States applauds the Defendant for his post-incarceration success, it cautions the Court that dismantling the infrastructure that made that success possible is unwise.

To appreciate the Government's position, it is worth taking a moment to trace the Defendant's history. His life of crime started when he was 18 when he was arrested for domestic violence and intimidating a witness. PSR, ¶¶ 78-79. A year later, he picked up some low-level drug possession charges. PSR, ¶¶ 72-73. Within a year, those low-level charges blossomed into distribution charges. ¶¶ 74, 80. From there, the Defendant graduated to violent crime, committing a shocking string of battery offenses over the course of a decade. PSR, ¶¶ 75, 82, 83, 86, 87, 89, and 90. In approximately 2018, a time in the Defendant's life when he was committing crime with reckless abandon, he began managing the Best Choice Inn, a now-infamous establishment on

Central Ave. that operated as a brothel, drug den, and ground zero for much of the crime in Albuquerque's International District. For the year or so he managed the establishment, the Defendant reveled in the endless crime opportunities life at the Best Choice Inn had to offer. That, of course, all came to a crashing end when federal law enforcement shuttered the business and arrested those in charge, including the Defendant.

As noted above, the arrest on this case was not the Defendant's foray into the criminal justice system. He had been in and out of the state system for years, never taking it very seriously: he had been kicked out of diversion programs (PSR, ¶ 73), violated his probation (*Id.*), had his probation revoked multiple times (PSR, ¶ 75), and was the recipient of slap-on-the-wrist sentences. (PSR, ¶ 72, 73, 74, and 75). If ever there were a posterchild for the disservice that turnstile justice does to a criminal defendant, it was Johnathan Craft in 2019. His future, to be charitable, did not look bright.

All of this makes the 2026 version of the Defendant all the more remarkable. By all accounts, he has complied with all conditions of supervised release, and, perhaps for the first time in his life, appears to be trending in the right direction. From United States' perspective, a key pillar of the Defendant's success has been the structure and support afforded by the supervised release imposed by this Court. Given his apparent transformation, the *last* thing this Court should do terminate the catalyst for such positive change.

The United States recognizes that the Defendant seeks to terminate supervised release to travel out of state for work. According to his motion, he wishes to regain employment with a shipping company for which he once worked, a job that would require out-of-state travel 21 days per month. This does not present a binary choice to the Court where it must choose between allowing the Defendant to work or continuing him on supervised release. The Court could fashion

relief that serves both interests simply by permitting such travel with USPO approval. The United States would have no objection to such of a modification of the terms of the Defendant's supervised release.

    WHEREFORE, the United States respectfully requests that the Court deny the Defendant's motion.

    Respectfully submitted,

    RYAN ELLISON
    First Assistant United States Attorney

    *Electronically Filed on February 24, 2026*
    JACK E. BURKHEAD
    Assistant United States Attorney
    201 Third St. NW, Suite 900
    Albuquerque, NM 87102
    (505) 346-7274