IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> v. <br><br> **JOHNATHAN CRAFT,** <br> Defendant. | Case No. 19-CR-1631 - DHU |

**REPLY TO GOVERNMENT'S REPONSE TO JOHNATHAN CRAFT'S MOTION FOR EARLYTERMINATION OF SUPERVISED RELEASE**

COMES NOW the defendant, Johnathan Craft, by and through his attorney of record, Barrett (Barry) G. Porter, Burgess and Porter Law, and respectfully submits this Reply to the government's response to his motion filed herein on February 19, 2026 (Doc. 692) pursuant to 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1(c).

In support of his motion, Mr. Craft states as follows:

REPLY ARGUMENT

1.     Contrary to the assertion of the government in its reply filed February 24, 2026, (Doc. 694), Mr. Craft is not asking the Court to "dismantle the infractructure" of his success on supervision. Mr. Craft is asking the court to exercise its discretion granted by the U.S. Congress and embodied in 18 U.S.C. §3583(e).

Mr. Craft has earned the right to this consideration through his exemplary conduct while on supervision for the past 20+ months.

2. Although Mr. Craft has had numerous contacts with the criminal justice system, as an African American male brought up in very challenging socio-economic circumstances, his contacts are modest. Additionally, very few of the recited contacts asserted by the government resulted in convictions.

3. Mr. Craft's prior contacts with the criminal justice system along with his challenging childhood serve as a testament to his personal character. Despite a prolonged period of pretrial incarceration, Mr. Craft used the time he served to contemplate his life and develop a plan for success on probation and for his life moving forward. USPPO was not the "catalyst for such positive change" in Mr. Craft as the government asserts. His success is not because he was on federal probation. His success can only be attributed to his personal character and discipline.

4. Mr. Craft never "reveled" in crime opportunities as ignorantly stated in the government's response. That statement by the government illustrates how little the government actually knows about Mr. Craft.

5. Mr. Craft was an hourly, short-term employee of the Best Choice Inn. While serving as the late-night front desk clerk and security person, Mr. Craft routinely kept the property safe for the vulnerable people who stayed at the motel. He provided food for the homeless and hungry people in the area. As explained by

one of the government's key witnesses in the underlying case, Pauline "Armani" Madrid, "Johnathan never ran any women at the Best Choice. He was always trying to help the women that lived there and encourage them to stop living on the street." This exact same sentiment was echoed by four other government witnesses who resided at the Best Choice Inn, Ashley Langston, Renee Larranaga, Jodeci Parker, and Michelle Espinosa.

6. As stated by one of the members of Mr. Craft's counseling team, James Burk with the "A New Awakening," counseling program, since Mr. Craft's release from custody, "Mr. Craft consistently demonstrates insight, accountability, and a deep understanding of the recovery process… and a strong desire to contribute positively to the community. (See Exhibit D, Letter of support from James Burk).

6. Even while this motion was pending, Mr. Craft continued his quest for self-improvement and positive community activities:

a. He completed a CPR and Automated External Defibrillator course. (See Exhibit E, CPR and AED Certificate).

b. He enrolled in courses and is close to certification as a Comprehensive Community Support Service Provider (CCSS) and a Certified Peer Support Worker (CPSW) through a program conducted by the University of New Mexico.

c. Mr. Craft is actively engaged in the lives of his children.

6. Because Mr. Craft is very capable of advocating for himself, undersigned counsel provides the Court with Mr. Craft's drafted Reply to the government's Response to his motion. (See Exhibit F, J. Craft Drafted Reply to Government's Response to his motion).

7. Given, Mr. Craft's exemplary track record on supervision and his remarkable progress on his own personal development, there is little, if any, reason to keep Mr. Craft encumbered by continued probation supervision.

WHEREFORE, Johnathan Craft respectfully requests that the Court grant his Motion for Early Termination of Supervised Release.

Respectfully Submitted,
BURGESS & PORTER LAW, LLC

/s/ signed and filed electronically
_____
**Barrett (Barry) G. Porter**
Attorney for Johnathan Craft
Burgess & Porter Law, LLC
400 Gold Avenue, SW Suite 910
Albuquerque, NM 87102
Phone: 505-433-5545  Fax: 505-835-3545
Email: bporter@burgessporterlaw.com

I hereby certify that the foregoing document was served electronically through the CM/ECF system, which caused electronic service of this document upon the assigned AUSA in this case.

/s/ **signed electronically**
_____
**Barry G. Porter**
Counsel for Defendant